Mario DeMarco, Law Office of Mario DeMarco, P.C., Port Chester, NY, for Petitioner.

Dione M. Enea, Special Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Scott Dunn, Assistant United States Attorney, on the brief), Brooklyn, NY, for Respondent.

Present: ROSEMARY S. POOLER and REENA RAGGI, Circuit Judges, and COLLEEN McMAHON,* District Judge.

**SUMMARY ORDER**

Petitioner Huseyin Serpil, a native and citizen of Turkey, seeks review of the August 27, 2003, order of the Board of Immigration Appeals ("BIA") affirming the June 18, 2001, decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying Serpil's application for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See In re Huseyin Serpil,* No. A 40 060 221 (B.I.A. Aug. 27, 2003), *aff'g* No. A 40 060 221 (Immig. Ct. N.Y. City June 18, 2001). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

Relief under Section 212(c) is discretionary, and thus we lack jurisdiction to consider Serpil's argument that the IJ abused her discretion in denying Serpil's application for Section 212(c) relief. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (stripping courts of ju-

**Huseyin SERPIL, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, et al., Respondent.**

**No. 05–3022–ag.**

United States Court of Appeals, Second Circuit.

March 19, 2007.

---

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

risdiction to review any "decision or action of the Attorney General ... the authority for which is specified under this subchapter to be in the discretion of the Attorney General"). While the jurisdictional bar in Section 1252(a)(2)(B)(ii) is subject to the exception for petitions raising "constitutional claims or questions of law," *id.* at § 1252(a)(2)(D), Serpil raises neither in his brief. Although he asserts that the IJ "applied the wrong standard" to his Section 212(c) application, Serpil's argument in fact is that the IJ should have granted Section 212(c) relief because Serpil had shown "unusual and outstanding equities" and these equities outweighed the adverse factors against him. Serpil's attempt to cloak his argument as a "question of law" by alleging that the IJ misapplied the law in evaluating his claim cannot overcome the jurisdictional bar of Section 1252(a)(2)(B)(ii), because a "petitioner's mere resort to the terms conventionally used in describing constitutional claims and questions of law will not overcome Congress's decision to deny jurisdiction over claims which in reality consist of nothing more than quarrels over the correctness of fact-finding and of discretionary decisions." *Xiao Ji Chen v. Gonzales,* 471 F.3d 315, 330–31 (2d Cir.2006). Because Serpil's challenge is directed towards the IJ's factual findings and her discretionary decision to deny Section 212(c) relief, we lack jurisdiction to review his claim.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction.